IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SUSAN H. BLAKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-242-MEF |
| ) | |
| BANK OF AMERICA, N.A., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Plaintiff Susan Blake's ("Blake") Motion to Remand, filed April 19, 2011. (Doc. # 10). The Defendants Bank of America, N.A. ("Bank of America") and BAC Home Loans Servicing, L.P. ("BAC" and collectively "Defendants") removed this action from the Circuit Court of Lee County, Alabama based on diversity jurisdiction. For the foregoing reasons, Blake's Motion to Remand is DENIED.

**I. FACTUAL AND PROCEDURAL HISTORY**

In 1997, Blake entered into a mortgage contract on a residential property located in Auburn, Alabama. At the time of the alleged misconduct on the part of the Defendants, Bank of America and BAC serviced Blake's mortgage. According to Blake, the Defendants improperly accelerated the debt Blake owed, instituted an illegal foreclosure, engaged in a conspiracy to create false defaults for the purpose of charging fees, breached the mortgage contract, and engaged in other wanton, malicious, and intentional conduct.

(Doc. # 1 Ex. 4).  Blake's complaint includes four causes of action—negligent mortgage servicing, wanton mortgage serving, breach of contract, and civil conspiracy.  Blake seeks compensatory damages, including those for mental anguish, and punitive damages.  (Doc. # 1).  A tax appraisal done for tax year 2010 indicates that Blake's home is valued at $245,210.  (Doc. # 19 Ex. B).  At the time that the motion for remand was filed, Blake owed $183,127.37 on the mortgage.  (Doc. # 19 Ex. C).

On March 31, 2011 the Defendants removed this action based on the allegations in the complaint, asserting that this Court has diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332.  In other words, this is a case governed by paragraph one of 28 U.S.C. § 1446.  The Notice of Removal states that all parties are diverse.  Blake is an individual citizen of Alabama.  Bank of America is a national banking association with its main office, as set out in its articles of association, in North Carolina.[1]  BAC is a limited partnership with two partners—BANA LP, LLC and BAC GP, LLC.  Bank of America is the only member of both BANA LP, LLC and BAC GP, LLC.  As discussed above, Bank of America is a citizen of North Carolina.  Hence, BAC is also a citizen of North Carolina.[2]  According to the New Jersey Secretary of State, Defendant Best Interest Rate

---

[1] 28 U.S.C. § 1348 provides that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."  For purposes of § 1348, a national bank is located "in the State designated in its articles of association as its main office."  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 319 (2006).

[2] A limited partnership's citizenship is determined from the citizenship of its partners, and a limited liability company's citizenship is determined from the citizenship

Mortgage Company, LLC has one member who is a citizen of New Jersey. Accordingly, Best Interest Rate Mortgage Company, LLC is a citizen of New Jersey.[3]

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377.

Pursuant to 28 U.S.C. § 1332 , federal courts have jurisdiction in civil actions "in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." A party may remove a case within thirty days of receiving the initial pleading setting forth the claim for relief upon which such action is based. *See* 28 U.S.C. § 1441(a). If the case is not removable from the face of the complaint, the defendant may file a notice of removal within 30 days of receiving some "other paper" which makes the case removable. *See* 28 U.S.C. § 1446(b).

---

of each of its members. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

[3] Best Interest Rate Mortgage Company, LLC cannot be located and has not yet been served. Therefore, its consent to removal is not necessary. *See Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1208 (11th Cir. 2008) ("[A] defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process.").

In no circumstance may the defendant remove the case under § 1332(a) more than one year after the action has commenced. *Id.*

After removal, however, the non-removing party may move for remand, which will be granted if "it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c). Because removal jurisdiction raises significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

When the initial pleading does not specify the damages sought, the removing party bears the burden of establishing by a preponderance of the evidence that the jurisdictional requirements have been met. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010); *Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007). "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

### III.  DISCUSSION

Blake's complaint does not contain a specified amount of damages. Accordingly, the Defendants must demonstrate by a preponderance of the evidence that the jurisdictional requirements have been met in this case. *See Pretka*, 608 F.3d at 752.

**A.  Consideration of Blake's request to enjoin foreclosure**

In an attempt to do so, the Defendants contend that because Blake has requested the Court to enjoin any foreclosure proceeding against her, the entire value of her home is

4

in controversy. Her property, valued at $245,210, is worth much more than the jurisdictional threshold of $75,000. In her motion to remand and her reply brief, Blake claims that there is no foreclosure pending on her property and that any reference to a foreclosure in her complaint is a mistake. (Doc. # 20). She encourages the Court to disregard all references to a foreclosure in her complaint when determining whether the amount in controversy requirements have been met.

This Court cannot do so. Blake's attorney signed the complaint, and her signature "constitutes a certificate by the attorney that the attorney has read the pleading, motion, or other paper" and that "to the best of the attorney's knowledge, information, and belief there is good ground to support it." Ala. R. Civ. P. 11.[4] Blake has not cited to this Court any authority for the proposition that the Court can selectively ignore allegations contained in her complaint. Blake has made no attempt to formally amend her complaint to remove the 'mistakes.' Additionally, Blake's contention that her complaint contains mere 'mistakes' strains credulity. The word foreclosure appears in paragraphs 6, 19, 20 ,21, 29, 30, 31, 45, 46, and 50 of the complaint. The complaint states that "the action is brought to enjoin foreclosure instituted in Lee County, Alabama." Blake goes on to list 7 enumerated reasons why "the foreclosure is improper and illegal." She repeatedly

---

[4] Blake's attorney filed the complaint in state court, and accordingly the Alabama Rules of Civil Procedure apply. However, Federal Rule of Civil Procedure 11 embodies the same principles—when an attorney signs a pleading, he or she makes a representation to the court that the factual allegations contained therein "have evidentiary support."

contends that the Defendants do not have standing to foreclose on her property "and yet they did so in violation of the law."

Even had Blake sought leave to amend her complaint to eliminate the foreclosure language, the Court would be required to determine removal jurisdiction based on the original complaint. This Court must look to the complaint as it was written at the time of removal to determine whether the applicable jurisdictional requirements have been met. *Poore v. Am.-Amicable Life Ins. Co.*, 218 F.3d 1287, 1290–91 (11th Cir. 2000); *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1351 n.7 (refusing to consider the plaintiff's amended complaint because the amendments were made after removal and "removal jurisdiction is determined at the time of removal, and 'events occurring after removal . . . do not oust the district court's jurisdiction.'"). At the time the case was removed, the complaint alleged that an illegal foreclosure proceeding had been instituted on Blake's property. Therefore, when determining whether of not federal court jurisdiction exists in this case, this Court will consider the value of an injunction as part of the amount in controversy.

### B. Determining the value of injunctive relief

"[T]he value of the injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000). The value of the object of the litigation is solely measured from the plaintiff's point of view. *See Ericsson GE Mobile Commnc'ns Inc. v.*

6

*Motorola Commnc'ns & Elecs., Inc.*, 120 F.3d 216 (11th Cir. 1997).  In this case, the Court must determine the value to Blake of enjoining the foreclosure of her home.  As Judge Watkins pointed out in *Mapp v. Deusche Bank Nat'l Trust Co.*, No. 3:08-cv-695-WKW, 2009 WL 3664118, at *4 (M.D. Ala. Oct. 28, 2009), foreclosure would require the homeowner to forfeit the right to "peacefully possess and enjoy [her] home."  Foreclosure would also cost the homeowner title to the house.  *Id.*  Therefore, from the plaintiff's perspective, "it is the whole title and its 'bundle of rights'" that is at issue.  *Id.*  In monetary terms, these benefits, objects, and rights are best measured by the value of the home itself."  *Id.*[5]

In this case, the value of the home was determined to be $245,210.  This amount is well over the jurisdictional threshold.  Accordingly, the Defendants have satisfied their burden of demonstrating the amount in controversy to a preponderance of the evidence.

---

[5] There is a split of authority in this circuit about how best to measure the amount in controversy when the plaintiff seeks to enjoin a foreclosure.  This Court once determined that the best measure is the amount of equity the plaintiff has in his house.  *See Sanders v. Homecomings Fin.*, LLC, No. 2:08-cv-369-MEF, 2009 WL 1151868 (M.D. Ala. April 29, 2009).  Other courts have found that when injunctive relief would only temporarily delay a foreclosure, the amount in controversy is the value of the temporary delay.  *See James v. U.S. Bank Nat'l Assoc.*, No. 09-cv-247-MHT, 2009 WL 2170045, at *2 (M.D. Ala. July 17, 2009).  However, the more recent and thorough state-law analysis contained in *Mapp* is the most persuasive.  Additionally, Blake has not contested the application of the principle contained in *Mapp*.  In fact, she fails to present any contrary authority whatsoever.

## IV.  CONCLUSION

It is hereby ORDERED that for the foregoing reasons, Blake's Motion to Remand (Doc. # 10) is DENIED.

Done this the 6th day of June, 2011.

>         /s/ Mark E. Fuller
> UNITED STATES DISTRICT JUDGE